Case 6:22-cv-00006 Document 12 Filed on 08/12/22 in TXSD Page 1 of 10

United States District Court
Southern District of Texas
**ENTERED**
August 12, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| COSME ARIEL MOLINAR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 6:22-CV-00006 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

Cosme Ariel Molinar ("Plaintiff"), a Texas inmate proceeding *pro se* and *in forma pauperis*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is a motion to dismiss filed by Bobby Lumpkin ("Defendant"), the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID). (Doc. No. 10.) For the reasons set forth below, the undersigned recommends that Defendant's motion to dismiss be GRANTED IN PART, as to Plaintiff's request to grow his hair long in accordance with his professed faith, and DENIED IN PART, because a live controversy still exists regarding whether Plaintiff may wear two braids rather than only one.

A. *Jurisdiction.*

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

### B. *Background and procedural history.*

#### 1. *Plaintiff, a Texas state prisoner, challenges TDCJ's policy prohibiting him from growing his hair long and wearing two braids in accordance with his professed Native American faith.*

Plaintiff is a prisoner in TDCJ-CID, currently housed at the Clarence N. Stevenson Unit, located in Cuero, Texas. Plaintiff filed this action on February 23, 2022. (Doc. No. 1.) The facts giving rise to Plaintiff's claims in this lawsuit occurred during his current assignment to the Stevenson Unit. In his complaint, Plaintiff sues Defendant in his official capacity. (Doc. No. 1, p. 4.) Plaintiff alleges that TDCJ's policy prohibiting him from growing his hair long and wearing two braids as a religious expression of his professed Native American faith violates his First Amendment rights and the Religious Land Use and Institutionalized Persons Act (RLUIPA).[1] *Id.* at 4. Plaintiff seeks permanent injunctive relief, as well as attorney fees (although he is currently unrepresented) and litigation expenses. *Id.* The Court ordered service of process, and on April 27, 2022, Defendant filed an answer. *See* Doc. No. 8.

#### 2. *Defendant's motion to dismiss, and Plaintiff's response.*

On July 11, 2022, Defendant filed a motion to dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(1), asserting that what Defendant terms as Plaintiff's "sole claim" concerning his inability to grow his hair according to religious practice is moot because the TDCJ policy change now permits Plaintiff to grow his hair long. (Doc. No. 10; *see id.* at 3.) Defendant argues that the Court therefore lacks subject matter jurisdiction, and that Plaintiff's complaint should be dismissed with prejudice as moot pursuant to Rule 12(b)(1). *Id.* Defendant attaches to his motion a copy of TDCJ Security Memorandum 06.16 (rev. 6), *Inmate Grooming*,

---

[1] 42 U.S.C. § 2000cc-1.

("SM-06.16" or "the revised policy"), dated June 1, 2022 (Doc. No. 10-1), which supersedes SM-06.16 (rev. 5). Defendant also attaches a June 28, 2022 declaration by Eric Guerrero, Deputy Division Director of the TDCJ-CID, confirming Plaintiff's eligibility to grow his hair long and wear it in a braid. (Doc. No. 10-2).

On August 8, 2022, Plaintiff filed a response to Defendant's motion. (Doc. No. 11.) In it, Plaintiff disagrees that his grievances have been adequately addressed by the grooming policy change, because the revised policy does not explicitly permit Plaintiff to wear two braids; Plaintiff asserts that the revised policy only allows Plaintiff to wear his hair long, in a single ponytail or singular braid. *Id.* at 1, 2. As he explains, "[t]he new grooming standard presented by Defendant as Exhibit A (TDCJ Inmate Grooming Policy SM-06.16) does not state that Plaintiff can braid his hair in two braids." *Id.* at 1 (cleaned up).

### C. Legal standard.

#### 1. Federal Rule of Civil Procedure 12(b)(1).

Defendant moves to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(1). In evaluating a motion to dismiss under Rule 12(b)(1), "the district court accepts as true those well-pleaded factual allegations in the complaint." *Brownlee v. Clayton Cnty. Sch. Dist.*, No. 1:96CV190-D-D, 1996 WL 692210, at *1 (N.D. Miss. Nov. 21, 1996) (citing *C.C. Port, Ltd. v. Davis-Penn Mortg. Co*, 61 F.3d 288, 289 (5th Cir. 1995)). Under Rule 12(b)(1), "'[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case.'" *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). "Rule 12(b)(1) permits a challenge where a defendant believes the court lacks subject-matter jurisdiction over one or

more claims made in a complaint." *Payne v. DeWitt*, No. 1:18-CV-048-BL, 2019 WL 5026990, at *1 (N.D. Tex. May 24, 2019), *adopted as modified*, No. 1:18-CV-00048-C, 2019 WL 4254079 (N.D. Tex. Sept. 9, 2019).

A lack of subject matter jurisdiction may be found in three instances: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (*per curiam*) (citing *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)). Once subject matter jurisdiction has been challenged, the party asserting jurisdiction retains the burden of proof that jurisdiction truly does exist. *Ramming*, 281 F.3d at 158.

"When challenging subject matter jurisdiction under Rule 12(b)(1), a party can make a facial attack or a factual attack." *Patterson v. Rawlings*, 287 F. Supp. 3d 632, 637 (N.D. Tex. 2018) (citing *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981)). "When the party challenging jurisdiction has not submitted evidence in support of its Rule 12(b)(1) motion to dismiss, the motion is a facial attack on plaintiffs' pleadings, and the court's review is limited to whether the complaint sufficiently alleges jurisdiction." *Prescott v. Bexar Cnty.*, No. SA-19-CV-1392-JKP-RBF, 2021 WL 812115, at *1 (W.D. Tex. Mar. 3, 2021) (citing *Paterson*, 644 F.2d at 523). A factual attack, however "challenges the existence of subject matter jurisdiction in fact and matters outside the pleadings, such as testimony and affidavits, are considered." *Prescott*, 2021 WL 812115, at *1 (citations omitted). Indeed, "[t]he court may consider matters outside the pleadings, such as testimony and affidavits, to resolve a factual challenge to subject-matter jurisdiction, without converting the motion to dismiss to one for summary judgment." *Russell v.*

*Harris Cnty., Texas*, 500 F. Supp. 3d 577, 595 (S.D. Tex. 2020) (Rosenthal, C.J.) (citations omitted).

Here, Defendant lodges a factual attack to subject matter jurisdiction. Defendant challenges the existence of subject matter jurisdiction by submitting SM-06.16 and a declaration confirming that Plaintiff may grow his hair long and wear it in single braid. (Doc. Nos. 10-1, 10-2.) Therefore, in evaluating this motion, the Court considers Defendant's proffered attachments without transforming Defendant's Rule 12(b)(1) motion into a summary judgment motion.

### 2. Mootness.

A court lacks subject matter jurisdiction where a case becomes moot. *See Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71-72 (2013). "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *Already, L.L.C. v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (*per curiam*)). "'If a dispute has been resolved or if it has evanesced because of changed circumstances, including the passage of time, it is considered moot.'" *Russell*, 500 F. Supp. 3d at 595-96 (quoting *American Med. Ass'n v. Bowen*, 857 F.2d 267, 270 (5th Cir. 1988)).

Generally, "the voluntary cessation of a complained-of activity by a defendant ordinarily does not moot a case." *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 324 (5th Cir. 2009), *aff'd sub nom*. *Sossamon v. Texas*, 563 U.S. 277 (2011). Courts should cautiously review motions to dismiss based on mootness. *See Tucker v. Gaddis*, 40 F.4th 289, 293 (5th Cir. 2022) (*per curiam*) (Ho, J., concurring) ("It shouldn't be that easy for the government to avoid accountability by abusing the doctrine of mootness."). Moreover, "a defendant cannot automatically moot a case, and thereby avoid judicial accountability, simply by ending its

unlawful conduct once sued." *Id.* at 294 (internal quotations and citations omitted).  And, although "voluntary cessation of a challenged activity does not ordinarily deprive a federal court of its power to determine its legality, courts are justified in treating a voluntary governmental cessation of potentially wrongful conduct with solicitude." *Turner v. Texas Dep't of Crim. Just.*, 836 F. App'x 227, 229 (5th Cir. 2020) (*per curiam*), *cert. denied*, __ U.S. __, 141 S. Ct. 2681 (2021) (citing *Sossamon*, 560 F.3d at 325).  "Such self-correction provides a secure foundation for a dismissal based on mootness so long as it appears genuine." *Turner*, 836 F. App'x at 229 (citing *Ragsdale v. Turnock*, 841 F.2d 1358, 1365 (7th Cir. 1988)).

### D. Discussion.

#### 1. *TDCJ's revised grooming policy and Mr. Guerrero's declaration demonstrate that Plaintiff is now eligible to grow his hair long.  Thus, this aspect of Plaintiff's lawsuit is resolved and mooted.*

SM-06.16 and Mr. Guerrero's declaration confirm that Plaintiff is now eligible to grow his hair long and to wear it in a single braid.  (Doc. Nos. 10-1, p. 3; 10-2).  The revised policy indicates that the TDCJ permits Plaintiff to grow his hair long.  (Doc. No. 10-1, p. 4.) Specifically, the revised policy reads that "[i]nmates who meet the eligibility requirements in this policy may grow long hair."  *Id.*  Those ineligible to grow long hair are specifically limited to: (1) those with a security precaution designator for escape or attempted escape within the last five years, (2) those who have been found guilty of a disciplinary offense for concealing contraband within the last five years, or (3) those who have been found guilty of a disciplinary offense for

refusing a valid order to allow a search of the inmate's facial or long hair within the last two years. *See* Doc. No. 10-1, p. 6;[2] Doc. No. 10-2.

Mr. Guerrero's declaration, attached to Defendant's motion to dismiss, confirms Plaintiff's eligibility as an inmate who may grow his hair long. (Doc. No. 10-2.) It states: "I have reviewed the classification and disciplinary records of [Plaintiff]. Under SM-06.16 (rev. 6), [Plaintiff] is eligible to grow his hair long." *Id.* at 2.

For these reasons, Defendant's proffered and uncontradicted evidence shows that Plaintiff's claim challenging his ability to grow his hair long has been resolved. And, although the Court views cautiously assertions of mootness based on voluntary cessation, the TDCJ has made a genuine, adequate self-correction that provides a secure foundation for a dismissal of this claim. *See Turner*, 836 F. App'x at 229. Moreover, this change is not limited to Plaintiff, but takes the form of an agency-wide change in policy. The TDCJ changed its policy during the pendency of this action, and now clearly allows an inmate to grow his hair long assuming that the inmate does not fall into one of the enumerated categories. *See* Doc. Nos. 10-1, 10-2. This, coupled with the declaration that specifically confirms Plaintiff's eligibility to grow his hair long, assures that Plaintiff has received the relief he requested with regard to the length of his hair. Therefore, to the extent that Plaintiff requests relief to grow his hair long, this issue is now

---

[2] According to the revised policy, the following inmates are not eligible to grow long hair or a beard:

    A. Inmates who have received a security precaution designator for escape (ES) or attempted escape (EA), as set out in Administrative Directive 04.11, "Security Precaution Designators" within the last five years;

    B. Inmates who have been found guilty of a disciplinary offense for concealing contraband within the last five years; or

    C. Inmates who have been found guilty of a disciplinary offense for refusing a valid order to allow a search of the inmate's facial or long hair within the last two years.

(Doc. No. 10-1, p. 6.)

moot— a live controversy no longer exists. Accordingly, the undersigned recommends that Defendant's motion to dismiss be GRANTED as to Plaintiff's hair-length claim, and that this claim be DISMISSED.

> 2. *Defendant's motion and evidence do not indicate that Plaintiff may wear two braids in accordance with his professed Native American faith. Therefore, Plaintiff's challenge to the TDCJ policy on this issue remains a live controversy.*

Defendant contends that Plaintiff may wear his hair long, and that therefore, Plaintiff's "sole claim" against Defendant—seeking an injunction allowing him to grow his hair long—is moot. (Doc. No. 10, p. 3.) However, this is not Plaintiff's sole claim for relief. In his complaint, Plaintiff requests "to grow [his] hair long and into 2 braids as a religious expression of [his] Native American religion." (Doc. No. 1, p. 4.) And, as Plaintiff asserts in his response to Defendant's motion to dismiss, he has consistently requested to wear two braids. (Doc. No. 11, p. 1.) Defendant acknowledges this in his answer and in the statement of facts of his motion to dismiss. For example, Defendant states: "[Plaintiff] alleges that, by not allowing him to grow his hair in *braids*, [Defendant] is substantially burdening his Native American religious practice in violation of the First Amendment and the [RLUIPA]." (Doc. No. 10, p. 1) (emphasis added); *see also* Doc. No. 8.

Defendant's motion to dismiss and proffered evidence do not indicate, however, that Plaintiff may now wear two braids. SM-06.16 states that, in the section entitled "Male Inmates" and "Hair specifications": "No fad or extreme haircuts or hairstyles are permitted, including block-style, cornrows, dreadlocks, microbraids *or multiple braids*, mohawks, shag, or tails." (Doc. No. 10-1, p. 4) (emphasis added). Additionally, in that same section, the revised policy states: "[l]ong hair may be worn *in a single braid* or ponytail that is easily removable for a search

upon request." *Id.* (emphasis added). Mr. Guerrero's declaration states that "[Plaintiff] is eligible to grow his hair long. Additionally . . . [Plaintiff] may wear his hair in a *single* braid or ponytail that is easily removable for search upon request." (Doc. No. 10-2, p. 2) (emphasis added). Neither the argument nor evidence proffered by Defendant suggests that Plaintiff may now wear his hair in two braids, as Plaintiff has requested. Rather, the evidence indicates just the opposite.

Therefore, Plaintiff's challenge to the TDCJ policy that he may wear two braids in accordance with his professed faith has not been resolved. Plaintiff's claim regarding his hair length has been resolved, but "[a] live controversy can remain where some but not all issues in a case have become moot." *J.R. by Analisa R. v. Austin Indep. Sch. Dist.*, 574 F. Supp. 3d 428, 436-37 (W.D. Tex. 2021) (citing *Powell v. McCormack*, 395 U.S. 486, 497 (1969)). Here, a live issue remains: Plaintiff has clearly sought relief to wear his hair in two braids in accordance with his professed Native American faith, and review of Defendant's motion and attachments indicates that Plaintiff may not do so. Even though the TDCJ now permits Plaintiff to grow his hair long and to wear a singular braid, this falls short of the relief that Plaintiff has requested.

Accordingly, the Court finds that Plaintiff's claim for injunctive relief to wear his hair in two braids in accordance with his professed Native American religion is still a live claim. Therefore, the undersigned recommends that Defendant's motion to dismiss be DENIED IN PART.

### E. Recommendation.

For the reasons stated above, the undersigned recommends that Defendant's motion to dismiss (Doc. No. 10) be **GRANTED IN PART**, with regard to Plaintiff's request for relief to grow his hair long, and **DENIED IN PART** because a live controversy exists regarding whether

9 / 10

Plaintiff may wear two braids in accordance with his professed Native American religion. Pending the district court's decision regarding this motion, this case will continue as set forth in the Court's order setting deadlines. (Doc. No. 9.)

### F. Notice.

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **14 days** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **14 days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

SIGNED on August 12, 2022.

MITCHEL NEUROCK
United States Magistrate Judge