United States District Court
Southern District of Texas

**ENTERED**

September 25, 2023

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION**

| | | |
|---|---|---|
| **COSME ARIEL MOLINAR,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | **Civil Action No. 6:22-CV-00006** |
| | § | |
| **BOBBY LUMPKIN,** | § | |
| | § | |
| **Defendant.** | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Cosme Ariel Molinar, a Texas inmate, alleges that he is subject to a prison grooming policy prohibiting him from growing his hair long and wearing two braids in accordance with his Native American faith.  As a result, Molinar has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. The Court **TERMINATES** the referral of this case to Magistrate Judge Mitchel Neurock.

Pending before the Court is a Motion for Summary Judgment filed by Bobby Lumpkin, in which he contends that Molinar's remaining claim seeking permission to wear his hair in two braids is subject to dismissal for lack of subject matter jurisdiction. (Dkt. No. 27).  The Court will construe the Motion as one properly brought under Federal Rule of Civil Procedure 12(b)(1).[1]  For the following reasons, the Court **GRANTS** the

---

[1]    "[A] court is not bound by how a party labels its motion"; rather, "'[t]he relief sought, that to be granted, or within the power of the court to grant, should be determined by substance, not a label.'" *Effjohn Intern. Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 560 (5th Cir. 2003) (quoting *Edwards v. City of Houston*, 78 F.3d 983, 985 (5th Cir. 1996) (en banc) (alteration in original)).  With this principle in mind, district courts have analyzed summary judgment motions under the standard of review for Rule 12(b)(1) motions to dismiss where the moving party seeks

(continue)

Motion.  The Court **DISMISSES** Molinar's remaining claim **WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

## I.     PROCEDURAL BACKGROUND

Molinar is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division ("TDCJ-CID"), and is housed at the Stevenson Unit in Cuero, Texas. In his original complaint, Molinar named as the sole defendant TDCJ Director Bobby Lumpkin ("Lumpkin").  (Dkt. No. 1 at 1, 3).

Molinar alleges that TDCJ's policy prohibiting him from growing his hair and wearing two braids as a religious expression of his professed Native American faith violates his First Amendment rights and the Religious Land Use and Institutionalized Persons Act of 2002 ("RLUIPA"), 42 U.S.C. §§ 2000cc *et seq.*  (*Id.* at 4).  Molinar seeks permanent injunctive relief in the form of being allowed to grow his hair long and in two braids in accordance with his Native American faith.  (*Id.*).

In an order entered on December 21, 2021, Magistrate Judge Mitchel Neurock ordered service of Molinar's complaint on Lumpkin.  (Dkt. No. 7).  Lumpkin moved the Court to dismiss Molinar's action for lack of subject matter jurisdiction because TDCJ's amended grooming policy now permits Molinar to grow his hair long.  (Dkt. No. 10 at 2–3).  In a Memorandum and Recommendation issued on August 12, 2022 ("M&R"), Magistrate Judge Neurock: (1) granted in part Lumpkin's motion with regard to

---

dismissal for lack of subject matter jurisdiction.  *See, e.g.*, *ProTradeNet, LLC v. Predictive Profiles, Inc.*, No. 6:18-CV-00038, 2018 WL 11197761, at *1 (W.D. Tex. Dec. 19, 2018); *Leal v. Hidalgo Cnty.*, No. 7:07-CV-00272, 2008 WL 11391657, at *1 (S.D. Tex. Apr. 23, 2008).

Molinar's request for relief to grow his hair long; and (2) denied in part Lumpkin's motion because a live controversy existed as to whether Molinar may wear two braids in accordance with his professed Native American faith.  (Dkt. No. 12 at 6–10).  The undersigned accepted the M&R on February 28, 2023.  (Dkt. No. 20).

Lumpkin has moved the Court to dismiss for lack of subject matter jurisdiction Molinar's remaining claim seeking permission to wear his hair in two braids.  (Dkt. No. 27).  Molinar did not respond.

## II.   LEGAL STANDARDS FOR RULE 12(B)(1)

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits a defendant to move to dismiss for "lack of subject matter jurisdiction."  When considering a motion to dismiss under Rule 12(b)(1), a court must "accept the complaint's well-pleaded factual allegations as true."  *Carver v. Atwood*, 18 F.4th 494, 496 (5th Cir. 2021).  "For a 12(b)(1) motion, the general burden is on the party asserting jurisdiction."  *Dickson v. United States*, 11 F.4th 308, 312 (5th Cir. 2021).  "A district court may dismiss a case under Rule 12(b)(1) based on '(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'"  *In re S. Recycling, L.C.C.*, 982 F.3d 374, 379 (5th Cir. 2020) (quoting *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)).

## III.   DISCUSSION

A court lacks subject matter jurisdiction where a case becomes moot.  *See Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 78–79, 133 S.Ct. 1523, 1532, 185 L.Ed.2d 636 (2013).  The mootness doctrine "applies to equitable relief."  *Brinsdon v. McAllen Indep. Sch. Dist.*,

863 F.3d 338, 345 (5th Cir. 2017).   The mootness doctrine is applicable in this case as Molinar seeks injunctive relief.   *See Kovac v. Wray*, 449 F. Supp. 3d 649, 653 (N.D. Tex. Mar. 27, 2020).

   "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome."   *Already, L.L.C. v. Nike, Inc.*, 568 U.S. 85, 91, 133 S.Ct. 721, 726, 184 L.Ed.2d 553 (2013) (internal quotation marks omitted).   "If a dispute has been resolved or if it has evanesced because of changed circumstances, including the passage of time, it is considered moot."   *Am. Med. Ass'n v. Bowen*, 857 F.2d 267, 270 (5th Cir. 1988).   In other words, when the controversy between parties "has resolved to the point that they no longer qualify as 'adverse parties with sufficient legal interests to maintain the litigation,' [courts] are without power to entertain the case."   *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 324 (5th Cir. 2009) (quoting *United States v. Lares-Meraz*, 452 F.3d 352, 354 (5th Cir. 2006)).

   "A case might become moot if subsequent events made it absolutely clear that the alleged wrongful behavior could not reasonably be expected to recur."   *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 189, 120 S.Ct. 693, 708, 145 L.Ed.2d 610 (2000) (internal quotations marks omitted).   While the "voluntary cessation of a challenged activity does not ordinarily deprive a federal court of its power to determine its legality, courts are justified in treating a voluntary governmental cessation of potentially wrongful conduct with solicitude."   *Turner v. Tex. Dep't of Crim. Just.*, 836

F. App'x 227, 229 (5th Cir. 2020) (per curiam).  "Such self-correction provides a secure foundation for a dismissal based on mootness so long as it appears genuine." *Id.* at 229.

Lumpkin asserts that the Court lacks subject matter jurisdiction over Molinar's remaining claim on mootness grounds because TDCJ recently granted Molinar's request to wear his hair in two braids.  (Dkt. No. 27 at 3).  Lumpkin contends that Molinar can no longer satisfy the "case or controversy" requirement due to events occurring subsequent to the filing of this case.  (*Id.* at 3-4).

Lumpkin has submitted TDCJ's new inmate grooming policy, TDCJ Security Memorandum 06.16 (rev. 6) ("SM-06.16"), which superseded the policy in place when Molinar filed this lawsuit.  (Dkt. No. 10-1 at 3-6).   SM-06.16 allows eligible inmates to grow their hair long "in a single braid or ponytail that is easily removable for a search upon request."  (*Id.* at 4).  SM-06.16 further provides that "[a]n eligible inmate who wants to request an exception to the grooming standards in this policy must submit a HQ-150 to the unit chaplain, who will refer the request through the Religious Practices Committee."  (*Id.* at 5).

On October 27, 2022, Molinar submitted an HQ-150 form to TDCJ's Chaplaincy Department requesting a religious accommodation to wear his hair in two separate braids as a religious expression of his Native American faith.  (Dkt. No. 27-1 at 1, 5).  On March 31, 2023, TDCJ's Religious Practices Committee reviewed and approved Molinar's request, granting him an exception to SM-06.16.  (*Id.* at 1, 3).  Cynthia Lowry, TDCJ's Assistant Director of Religious Services Rehabilitation Programs Division, states that TDCJ "will ensure that Mr. Molinar is permitted to wear his hair in two braids" and that

his "permission to wear two braids extends for the duration of his incarceration, subject only to his continued compliance with the eligibility requirements set out in SM-06.16." (*Id.* at 1).

Lumpkin's uncontested evidence demonstrates that Molinar's remaining claim to wear his hair in two braids as an expression of his Native American faith has been resolved. Not only did TDCJ change its grooming policy during the pendency of this action allowing eligible inmates like Molinar to grow their hair long, TDCJ's Religious Practices Committee further granted Molinar a religious exception to wear his hair in two braids. (Dkt. No. 19-2). These changes as reflected in SM-06.16, coupled with the decision by TDCJ's Religious Practices Committee, assures that Molinar has received the relief he requested with regard to wearing his long hair in two braids and that any alleged wrongful behavior related to TDCJ's grooming policy cannot be reasonably expected to recur. *See Friends of the Earth, Inc.*, 528 U.S. at 189–90, 120 S.Ct. at 708–09.

The TDCJ has made genuine and adequate self-corrections with regard to its grooming policy that provide a secure foundation to dismiss as moot Molinar's remaining claim seeking injunctive relief against Lumpkin. *See Turner*, 836 F. App'x at 229. *See also Casby v. LeBlanc*, No. 2:20-CV-03009, 2021 WL 2340459, at *2 (E.D. La. May 24, 2021), *report and recommendation adopted*, 2021 WL 2338230 (E.D. La. Jun. 8, 2021) (dismissing inmate's claim for injunctive relief seeking to grow dreadlocks as moot where he had "successfully availed himself of the religious exemption provided for in the updated regulation" and was allowed to grow dreadlocks). Because no live case or

controversy exists regarding Molinar's request to wear his long hair in two braids, the Court lacks subject jurisdiction over this claim.

## IV.    CONCLUSION

The Court **GRANTS** Lumpkin's Motion, (Dkt. No. 27), appropriately construed as a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction.   The Court **DISMISSES WITHOUT PREJUDICE** Molinar's remaining claim seeking injunctive relief against Lumpkin for lack of subject matter jurisdiction under the mootness doctrine.[2]

It is so ORDERED.

Signed on September 23, 2023.

_Drew B Tipton_

**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**

---

[2]    Claims dismissed for lack of subject matter jurisdiction are dismissed without prejudice. *See Mitchell v. Bailey*, 982 F.3d 937, 944 (5th Cir. 2020).